Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| FEDERAL NATIONAL MORTGAGE ASSOCIATION T/C/C FANNIE MAE<br><br>Recurrida<br><br>v.<br><br>SUCESIÓN DE ERNFRID JOHNSON CRUZ Y OTROS<br><br>Peticionaria | TA2026CE00068 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: FA2022CV0155<br><br>Sobre: Cobro de Dinero y Ejecución de Hipoteca |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 16 de enero de 2026.

Comparece Jeanette Johnson Ramos (en adelante, peticionaria), mediante una *Petición de certiorari*, para solicitarnos la revisión de la *Resolución* emitida el 12 de diciembre de 2025, y notificada el 15 de diciembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Fajardo.[1] Mediante la *Resolución* recurrida, el foro de instancia denegó una solicitud sobre relevo de sentencia incoada por la peticionaria.

El 6 de julio de 2022, notificada al día siguiente, el foro de instancia emitió una *Sentencia* dictada en rebeldía, sobre ejecución de hipoteca y cobro de dinero, con relación a un bien inmueble radicado en el municipio de Fajardo.[2] Luego de varios trámites de rigor, el 12 de agosto de 2022, el Banco Popular de Puerto Rico (en adelante, parte recurrida) interpuso una solicitud de sustitución de parte y para que se ejecutara la sentencia.[3]

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), a la Entrada Núm. 68.
[2] SUMAC TPI, a la Entrada Núm. 32.
[3] *Íd.*, a la Entrada Núm.36.

Atendidos varios incidentes procesales los cuales incluyeron, pero no se limitaron a los que incluyó la comparecencia en autos por parte de la peticionaria[4] y la celebración de la subasta pública, el 5 de noviembre de 2025, notificada al día siguiente, el tribunal *a quo* emitió la *Orden de confirmación de adjudicación o venta judicial*.[5] contra la parte demandada del título. Luego, el 4 de diciembre de 2025, notificada el día 8, del mismo mes y año, se emitió la *Orden de Lanzamiento*,[6] para lo cual se emitió el correspondiente *Mandamiento*.[7]

De ahí, el 12 de diciembre de 2025, la parte peticionaria interpuso una *Moción urgente de relevo de sentencia por causa de nulidad*.[8] Adujo, en síntesis, que el foro de instancia dictó *Sentencia* sin jurisdicción, tras no haber referido a las partes al procedimiento de mediación compulsoria, conforme manda la Ley Núm. 184- 2012, según enmendada, mejor conocida como la Ley para Mediación Compulsoria y Preservación de tu Hogar en los Procesos de Ejecuciones de Hipotecas de una Vivienda Principal.[9] A tenor, solicitó el relevo de la sentencia. En respuesta, mediante *Resolución* emitida el 12 de diciembre de 2025, notificada el 15 de diciembre de 2025, el tribunal de instancia declaró *No Ha Lugar* lo solicitado, lo cual constituye la resolución recurrida.[10] En su resolución el foro *a quo* concluyó que:

> [S]i bien es cierto que en el caso no se refirió a mediación compulsoria, ello responde a que la Ley 184-2012, [e]n su Art. 3 a la fecha de dictada la Sentencia disponía que dicho referido procedía cuando el deudor hipotecario demandado no se encuentre en rebeldía, situación que no es la de autos. La enmienda posterior para referir en todo caso al proceso de mediación compulsoria, fue la Ley Núm. 73 de 24 de agosto de 2022, por lo que no aplica a los hechos del caso ante nos. Siendo ello así, el Tribunal actuó con jurisdicción conforme a la ley aplicable.[11]

---

[4] SUMAC TPI, a la Entrada Núm. 43.
[5] *Íd.*, a la Entrada Núm. 61.
[6] *Íd.*, a la Entrada Núm. 63.
[7] *Íd.*, a la Entrada Núm. 64.
[8] *Íd.*, a la Entrada Núm. 67.
[9] 32 LPRA sec. 2881 *et seq.*
[10] SUMAC TPI, a la Entrada Núm. 68.
[11] *Íd.*

Insatisfecha con lo resuelto, el 22 de diciembre de 2025, la peticionaria incoó una solicitud de reconsideración,[12] la cual fue denegada mediante *Resolución* emitida y notificada en esa misma fecha.

En desacuerdo, el 16 de enero de 2026, la peticionaria presentó una *Petición de certiorari*. En igual fecha, la peticionaria interpuso una *Moción urgente en auxilio de jurisdicción*. Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, este Tribunal tiene la facultad de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho.[13] En consideración a lo anterior, eximimos a la parte recurrida de presentar escrito en oposición al recurso de *Certiorari* ante nos.

Luego de haber evaluado los autos ante nuestra consideración, incluyendo, además, la *Resolución* objeto de revisión, así como el derecho aplicable, no hemos encontrado que el foro primario haya actuado con prejuicio o parcialidad, que haya habido un craso abuso de discreción, ni tampoco que la determinación sea manifiestamente errónea. Es por lo anterior, que hemos acordado no intervenir en el presente recurso. Por tanto, en virtud de lo dispuesto en la Regla 52.1 de las Reglas de Procedimiento Civil[14] y la Regla 40 del Reglamento de este Tribunal[15] acordamos *denegar* la expedición del auto de *Certiorari*.

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *Certiorari* y, consecuentemente, la solicitud en auxilio de jurisdicción. Se devuelve el caso al foro primario para la continuación de los procedimientos.

---

[12] SUMAC TPI, la Entrada Núm. 69.
[13] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).
[14] 32 LPRA Ap. V, R. 52.1.
[15] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, supra, a las págs. 59-60.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones